**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY S. PATERSON, | 3:11-cv-00845-HDM (WGC) |
| Plaintiff, | |
| vs. | **ORDER** |
| STATE OF NEVADA, ex rel NEVADA DEPARTMENT OF CORRECTIONS, et. al. | |
| Defendants. | |

Before the court is Plaintiff's Motion for Leave to Amend his Complaint to identify defendant Jane Doe as Caseworker Danielle Iratcabal. (Doc. # 12.)[1] Also before the court is Defendants' Motion for Screening of Plaintiff's Amended Complaint. (Doc. # 17.)

## I. BACKGROUND

Plaintiff Jeffrey S. Paterson (Plaintiff), a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. (Doc. #4) at 1.)

On screening, Plaintiff was allowed to proceed with Counts I and II. (Screening Order (Doc. # 3).) Count II is the only count relevant to Plaintiff's motion, and will be described herein. In Count II, Plaintiff alleges that he was in segregated confinement. (Doc. # 4 at 16.) He asserts that caseworker Jane Doe authorized Plaintiff to have a cell mate in segregated confinement. (*Id.*) He goes on to allege that defendant Stankus told plaintiff he could accept the cell mate, be charged with a disciplinary infraction and be placed into an empty cell with

---
[1] Refers to court's docket number.

no property, or go into protective custody. (*Id.*) Plaintiff decided to accept the cell mate. (*Id.*) Plaintiff alleges that the cell mate had mental problems. (*Id.*) He claims that in preparation to go to the showers, defendant Dunham told plaintiff to kneel by the cell door and to place his hands behind his back through the food slot, so that Dunham could handcuff plaintiff. (*Id.*) He asserts that Dunham should have done the same thing with Plaintiff's cell mate, but after Dunham handcuffed Plaintiff, the cell mate starting beating Plaintiff. (*Id.*) Plaintiff could not get away because Dunham was still holding Plaintiff's hands through the food slot. (*Id.*) Eventually, the cell mate was restrained. (*Id.*) Plaintiff asserts that his injuries were recorded by medical, but the incident was eventually erased from the administration's computer. (*Id.*)

On screening the court determined that Plaintiff states a colorable claim against defendants Stankus and Dunham that they were deliberately indifferent to a serious risk to Plaintiff's safety under the Eighth Amendment. (Doc. # 3 at 2-3.) The court instructed Plaintiff that he would need to identify the Jane Doe caseworker before the action could proceed against that defendant. (*Id.*)

On April 16, 2012, Plaintiff filed the instant motion for leave to amend his complaint to reflect the identity of Jane Doe as Caseworker Danielle Iratcabal. (Doc. # 12.) Defendants did not file an opposition to the motion; instead, they filed a motion to have the court screen the amended complaint. (Doc. # 17.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (b).

2

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915A when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

> [A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). While the court must accept the allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. DISCUSSION

In reviewing Plaintiff's Complaint in light of the proposed amendment, the court finds that Plaintiff does not state a claim for relief against Caseworker Danielle Iratcabal.

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be, and often are, restrictive and harsh, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 932 (1994)(quoting *Hudson v. Palmer*, 486 U.S. 517, 526-27 (1984)).

"[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (citations and quotations omitted). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* (internal citations omitted). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (citing *Rhodes*, 452 U.S. at 347).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Farmer*, 511 U.S. at 834. Under the deliberate indifference standard, a violation of the Eighth Amendment is only found when an objective and subjective component are met. *Id.* First, "the deprivation alleged must be, objectively, sufficiently serious...; a prison official's act or omission must result in the denial of 'the minimal civilized measures of life's necessities.'" *Id.* (citations and quotations omitted). When a plaintiff claims prison official's failed to take reasonable steps to protect, the plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citations omitted).

4

Second, the inmate must satisfy the subjective element. This means that the prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Prison officials may avoid liability by: (1) proving they were unaware of the risk, or (2) proving they "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844-45.

The only allegation contained in Count II with respect to caseworker Jane Doe, is that she authorized Plaintiff to receive a cell mate. (Doc. # 4 at 16.) There are no factual allegations suggesting that caseworker Jane Doe, now identified as Danielle Iratcabal, knew of and disregarded an excessive risk to Plaintiff's safety. According to the Complaint, the caseworker was not involved in the handcuffing of Plaintiff which occurred about the time Plaintiff asserts he was beaten by his cell mate. The fact that the caseworker simply assigned Plaintiff a cell mate is not sufficient to state a claim against her under the Eighth Amendment.

Accordingly, Plaintiff's motion is denied.

### III. CONCLUSION

Plaintiff's motion (Doc. # 12) is **DENIED WITHOUT PREJUDICE**; however, Plaintiff is given leave to amend his Complaint, if possible, insofar as he can allege *facts* that would support an Eighth Amendment claim against Caseworker Iratcabal. Plaintiff has up to and including **May 21, 2012** within which to file an amended complaint. If he fails to do so, this action will proceed on the original complaint, and only with respect to those claims which the court has previously allowed to proceed.

Plaintiff is further advised that pursuant to Local Rule 15-1, if he chooses to file an amended complaint, it shall be complete in itself without reference to any previous complaint. The amended complaint may **not** include any other new allegations other than those permitted in connection with Caseworker Iratcabal. Moreover, any allegations, parties, or requests for

relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  Plaintiff shall clearly title the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, **3:11-CV-00845-HDM-WGC**, above the words "AMENDED COMPLAINT" in the space for "Case No."

Because the court has effectively screened the Complaint in light of the proposed amendment, Defendants' motion (Doc. # 17) is **DENIED AS MOOT**.

DATED: April 19, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

6