**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY S. PATERSON, ) | 3:11-cv-00845-HDM-WGC |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| STATE OF NEVADA, et. al. ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss. (Doc. # 22.)[1] Plaintiff filed a document indicating he does not object to the dismissal of Count II. (Doc. # 24.) After a thorough review, the court recommends that Defendants' motion be granted.

## I. BACKGROUND

At all relevant times, Plaintiff Jeffrey S. Paterson was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Correctional Officer Patterson, Correctional Officer Columbus, Lieutenant Stankus, and Correctional Officer Dunham. (*Id.* at 2-3; Screening Order (Doc. # 3).)

---

[1] Refers to court's docket number.

Plaintiff subsequently sought leave to amend to add defendant Iratcabal as a defendant, but this motion was denied by the court without prejudice. (*See* Docs. # 12, # 18.)

On screening, the court determined that Plaintiff states a colorable claim in Count I under the Eighth Amendment for deliberate indifference to a serious risk to Plaintiff's safety as to defendants Patterson and Columbus. (Doc. # 3 at 2.) In Count I, Plaintiff alleges that Patterson was working in the control room of the unit where Plaintiff was housed, and opened the cell door of two inmates whom Plaintiff believes are gang members. (Doc. # 4 at 14.) Those two inmates went to Plaintiff's cell and then Patterson opened Plaintiff's cell door. (*Id.*) The inmates went into Plaintiff's cell and attacked Plaintiff. (*Id.*) Plaintiff claims that despite the noise, neither Patterson nor Columbus did anything. (*Id.*) Defendants do not challenge this claim in the instant motion.

In Count II, the court also determined on screening that Plaintiff states a colorable claim for deliberate indifference to a risk of Plaintiff's safety against defendants Stankus and Dunham. (Doc. # 3 at 2-3.) In this count, Plaintiff alleges that he was placed in segregated confinement with a cellmate who had mental problems. (Doc. # 4 at 15.) Plaintiff claims that Stankus told Plaintiff he could accept the cell mate, be charged with a disciplinary infraction and be placed into an empty cell with no property, or go into protective custody. (*Id.*) Therefore, Plaintiff decided to accept the cell mate. (*Id.*) Plaintiff asserts that on one occasion when he was preparing to go to the showers, Durham told Plaintiff to kneel by the cell door and place his hands behind his back through the food slot so he could be handcuffed. (*Id.*) After he was placed in handcuffs, he alleges that his cell mate began to beat him, and Plaintiff was unable to get away because Dunham was still holding Plaintiff's hands through the food slot. (*Id.*)

Defendants move to dismiss Count II on the grounds that Plaintiff failed to exhaust his administrative remedies with respect to this claim. (Doc. # 22.)

## II.  LEGAL STANDARD

The PLRA provides that "[n]o action shall be brought with respect to prison conditions

2

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion.' Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id*.

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at

1 1120.

2 For prisoners within the NDOC system, exhaustion of administrative remedies requires complying with the inmate grievance procedure set forth in NDOC Administrative Regulation (AR) 740. (Doc. # 22 at 3-4; Doc. # 22-1 at 2-12 (Ex. A).) Under the version of AR 740 effective during the time period in question, the procedure consisted of: (1) an informal level grievance; (2) a first level grievance; and (3) a second level grievance. (*Id.*)

### III. DISCUSSION

**A. COUNT II**

According to Defendants, Plaintiff failed entirely to file a grievance related to the allegations set forth in Count II. (Doc. # 22 at 4; Doc. # 22-1 at 36-37 ¶ 6 (Ex. C); Doc. # 22-1 at 15-34 (Ex. B).)

Plaintiff indicates that he has no objection to Defendants' motion to dismiss Count II. (Doc. # 24.)

Having failed to exhaust available administrative remedies prior *to* filing his Complaint, Count II should be dismissed without prejudice.

**B. DEFENDANTS STANKUS AND PATTERSON**

On July 10, 2012, District Court Judge McKibben issued an Order advising Plaintiff that he had up to and including July 12, 2012, in which to effectuate service on defendants Stankus and Patterson. (Doc. # 26.) No proof of service was filed as to these defendants as of August 22, 2012, and as a result District Court Judge McKibben issued a further order notifying Plaintiff that the action would be dismissed as to defendants Stankus and Patterson unless a proof of service or good cause showing was made on or before September 21, 2012. (Doc. # 29.)

On August 31, 2012, Plaintiff filed a document entitled "Good Cause Showing," intimating that he is no longer receiving assistance from his "jailhouse lawyer" and that he was never instructed regarding service of defendants whose addresses were submitted to the court under seal. (Doc. # 30.)

The court finds Plaintiff's "good cause showing" is disingenuous. Plaintiff was expressly instructed as to the procedure for serving defendants not represented by the Attorney General's Office and whose addresses were filed under seal in the court's April 2, 2012 Order. (Doc. # 11.) The Order states, in pertinent part:

> 2. The Attorney General's office shall advise the court within **twenty-one (21) days** of the date of the entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's office cannot accept service, the office shall file, under seal, the last known address(es) of those defendant(s).
> 3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).

(Doc. # 11.)

On April 19, 2012, the Attorney General's Office filed a notice that they were accepting service on behalf of defendants Dunham and Columbus, and that they filed under seal the last known addresses for defendants Stankus and Patterson, who were no longer employed by NDOC. (Doc. # 14.) Despite the clear instruction by the court, Plaintiff did not move to identify the unserved defendants or request the issuance of a summons for these defendants. Because Plaintiff has not shown good cause for his failure to timely serve defendants Stankus and Patterson, it is recommended that they be dismissed without prejudice.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that Defendants' motion (Doc. # 22) be **GRANTED** and Count II be **DISMISSED WITHOUT PREJUDICE**.

**IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an order that defendants **STANKUS** and **PATTERSON** be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate

Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

   2.  That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

   DATED: September 18, 2012.

                    _____
                    WILLIAM G. COBB
                    UNITED STATES MAGISTRATE JUDGE