UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEFFREY S. PATERSON, | ) | 3:11-cv-00845-HDM-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | May 14, 2013 |
| THE STATE OF NEVADA, ex rel. NEVADA DEPARTMENT OF CORRECTIONS, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN        REPORTER:  NONE APPEARING

COUNSEL FOR Plaintiff(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the Court is Plaintiff's request for Clarification of Identity (Doc. # 50). Plaintiff seeks to clarify "which Patterson was in the unit 7 control at the time of the Altercation." (*Id*.) Defendant has opposed (Doc. #51) on the basis that the NOTIS report Plaintiff previously requested has been made available to him and that the NOTIS report states "Chester Patterson was the officer in the control bubble..." (*Id*.) Thus, defendant concludes Plaintiff has answered his own question and the motion should be denied (defendant also asserts the time period for discovery has passed). (*Id*. at 2.)

However, Defendant has omitted a portion of Plaintiff's quotation of the NOTIS report, which reads in full as follows: "Chester Patterson was the officer in the control bubble not Derrick Patterson" (Doc. 50). This leaves the court to believe there may be some kind of confusion as to whether Chester Patterson was in the control bubble or whether it was Derrick Patterson.

The screening order entered earlier in this matter concluded that Plaintiff stated a viable civil rights claim as to correctional officers Patterson and Columbus for not providing assistance to Plaintiff when he was allegedly being assault by other inmates. (Doc. # 3 at 2.) Although it appears defendant Patterson has been dismissed from this action (Doc. # 36), it may be that ascertaining which "Patterson" was in the bubble may be important to Plaintiff's case.

MINUTES OF THE COURT
3:11-cv-00845-HDM-WGC
Date:  May 14, 2013
Page 2

      Although the discovery deadline may have passed at the present time, the court notes that in Doc. # 45, on April 26, 2013, Plaintiff filed a motion to allow him access to the NOTIS report. He states he "kited" seeking to review this document on March 7, 2013, but that initially his request was "not approved in this matter will provide upon proper order." That response prompted Defendants' response to Plaintiff's request which represented that Plaintiff was thereafter allowed to review the Inspector General's report (Doc. #48-1). This representation in turn caused the court to deny Plaintiff's motion as moot (Doc. # 49).

      It now appears that the issue may not have been moot because Plaintiff alleges that there may have been two NDOC Correctional Officers named "Patterson" and he wishes to clarify which one was in the control bubble. (Doc # 50). Defendants' response, which did not discuss the apparent or possible discrepancy between "Chester Patterson" vs "Derrick Patterson," does not answer the question, which, as noted above, may be important from the standpoint of which Patterson was involved (the court also notes that Plaintiff only identified defendant Patterson in his complaint as "Correctional Officer Patterson." (Doc. # 4 at 2).)

      Therefore, the objection that the discovery deadline may have passed, while possibly technically correct, does not address the attempt by Plaintiff to ascertain this information as early as March 7 when discovery was still open.

      Accordingly, the court directs counsel for Defendants, **within 7 days of the date of this order**, to ascertain the identity of which "Patterson" was in the control bubble and provide that information to the Plaintiff and thereafter provide a Notice to the court to that effect.

      To that extent, therefore, Plaintiff's motion (Doc. # 50), is **GRANTED**.

**IT IS SO ORDERED.**

                                                                                              LANCE S. WILSON, CLERK

                                                                     By:       /s/
                                                                               Deputy Clerk