# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY S. PATERSON, | 3:11-cv-00845-HDM-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF NEVADA, et. al. | |
| Defendants. | |

Before the court is Plaintiff's Request for Default Judgment. (Doc. # 54.)[1] A response was filed by defendant Columbus (Doc. # 56), and Plaintiff filed a reply (Doc. # 59).

## I. BACKGROUND

At all relevant times, Plaintiff Jeffrey S. Paterson was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) At this time, the only remaining defendant is defendant Columbus.

Plaintiff originally brought this action against Correctional Officer Patterson, Correctional Officer Columbus, Lieutenant Stankus and Correctional Officer Dunham. (Pl.'s Compl. (Doc. # 4) at 2-3.) On screening, the court determined that Plaintiff states a colorable claim in Count I against defendants Patterson and Columbus for deliberate indifference to a serious risk to his safety under the Eighth Amendment. (Screening Order (Doc. # 3) at 2.)

---
[1] Refers to court's docket number.

Plaintiff alleges that Patterson was working in the control room of the unit where Plaintiff was housed, and opened the cell door of two inmates whom Plaintiff believes are gang members. (Doc. # 4 at 14.) The inmates went to Plaintiff's cell, and Plaintiff contends that Patterson opened Plaintiff's cell door, and the inmates entered and attacked Plaintiff while neither Patterson nor Columbus did anything. (*Id.*)

In Count II, the court determined that Plaintiff stated a colorable claim for deliberate indifference to his safety as to defendants Stankus and Dunham based on a separate event than that alleged in Count I; however, this claim was dismissed without prejudice as a result of Plaintiff's failure to exhaust his administrative remedies. (*See* Docs. # 31, # 36.)

In an order dated April 2, 2012, Senior District Judge Howard D. McKibben entered an order that the Attorney General's Office should advise the court within twenty-one days whether it would accept service of process for the named defendants, and as to those defendants for which it would not accept service, it was directed to file the last known addresses under seal. (Doc. # 11.) In addition, the order expressly stated that if service could not be accepted for any named defendant, Plaintiff should file a motion identifying the unserved defendant and request issuance of a summons. (*Id.*)

On April 19, 2012, the Attorney General's Office filed a notice that they were accepting service on behalf of defendants Dunham and Columbus, and that they filed under seal the last known addresses for defendants Stankus and Patterson, who were no longer employed by NDOC. (Doc. # 14.) Despite the clear instruction by the court, Plaintiff did not move to identify the unserved defendants or request the issuance of a summons for these defendants.

On July 10, 2012, Judge McKibben issued an order advising Plaintiff that he had up to and including July 12, 2012, within which to effectuate service as to defendants Patterson and Stankus. (Doc. # 26.) No proof of service was filed as of August 22, 2012; therefore, Judge McKibben issued a further order notifying Plaintiff that the action would be dismissed as to Patterson and Stankus unless a proof of service was filed or a good cause showing was made on or before September 21, 2012. (Doc. # 29.)

On August 31, 2012, Plaintiff filed a document entitled "Good Cause Showing" intimating that he was no longer receiving assistance from his "jailhouse lawyer" and that he was never instructed regarding service of defendants whose addresses were submitted to the court under seal. (Doc. # 30.) This court recommended dismissal of defendant Patterson, finding Plaintiff's filing to be disingenuous as Plaintiff was expressly instructed as to the procedure for serving defendants not represented by the Attorney General's Office whose addresses were filed under seal, and recommended that defendants Patterson and Stankus be dismissed without prejudice for failure to timely effectuate service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. # 36.) Judge McKibben adopted this recommendation, and these defendants were dismissed without prejudice on December 17, 2012. (Doc. # 36.)

On December 31, 2012, defendant Columbus, filed his answer. (Doc. # 37.) On January 2, 2013, the court issued a scheduling order. (Doc. # 39.)

On May 6, 2013, Plaintiff filed a motion asking NDOC to clarify which Correctional Officer Patterson was working in the Unit 7 control room on the date in question, as it appears NDOC employed two correctional officers with the last name Patterson, Chester Patterson and Derrick Patterson, during the relevant time period. (Doc. # 50.) Plaintiff sought this information so he could identify the proper parties to this action. (*Id*.) Defendant Columbus filed a response stating that documents produced to Plaintiff in discovery appeared to indicate that Chester Patterson was the officer working in the control tower during the relevant time period. (Doc. # 51.)

The court ordered that defendant Columbus clarify which officer Patterson was working in the control tower on the date in question since there appeared to be some confusion as to which Patterson was working at that time. (Doc. # 52.)

On May 16, 2013, Plaintiff filed the instant motion. (Doc. # 54.) Plaintiff states: "Defendants are in Default for not acting in good faith, by withholding the name of Chester Patterson who was the primary actor in the incident" such that he has not been allowed to serve the correct defendant, which is Chester Patterson, and not Derrick Patterson. (*Id*.) Plaintiff

3

1 asserts that defendant has known this all along and kept this information from Plaintiff;
2 therefore, he requests that default be entered and that he be awarded damages in the amount
3 of $100,000 for each defendant named in the action. (*Id.*)

4 It should be noted that the address filed under seal by the Attorney General's Office was
5 for Derrick Patterson, and not Chester Patterson. (Doc. # 15.) In addition, the NOTIS report
6 produced to Plaintiff identifies Chester Patterson as the correctional officer who was working
7 in the control room on the date in question. (Doc. # 54 at 9.)

8 On May 17, 2013, defendant Columbus filed a status update which only states that
9 Plaintiff was provided with documentation identifying which officer Patterson was working in
10 the control tower on the date of the incident. (Doc. # 55.) Defendant Columbus also filed an
11 opposition to Plaintiff's motion for entry of default. (Doc. # 56.) He asserts that Plaintiff's
12 request is improper because he has appeared and answered in this case, and to the extent he
13 seeks to enter default against Patterson, a party must be served before default can be entered.
14 (*Id.*)

15 In his reply brief, Plaintiff asserts that he is seeking the entry of default against
16 defendant Columbus and NDOC. (Doc. # 59 at 2.) He cites Federal Rule of Civil Procedure
17 55(a), and argues that he is seeking default judgment because defendant Columbus, as an
18 employee of NDOC, provided Plaintiff with the wrong name of the officer who was in the Unit
19 7B control bubble. (*Id.*)

## II. DISCUSSION

21 Defendant Columbus is correct that default judgment cannot be entered against him
22 because he has appeared and defended this action. *See* Fed. R. Civ. P. 55(a) (stating that default
23 must be entered against a party who has "failed to plead or otherwise defend"). In addition,
24 while it does not appear this is the relief Plaintiff seeks by way of his motion, default cannot be
25 entered against Chester Patterson because he has not been served with the summons and
26 complaint. The court is concerned, however, with the events that have come to pass, *i.e.*, a
27 document was produced to Plaintiff which identified the officer who was working in the control

1 tower on the date of the incident in question as Chester Patterson, yet when the Attorney
2 General's Office filed its notice that it would not accept service on behalf of Correctional Officer
3 Patterson, it identified a Derrick Patterson and provided his last known address under seal.
4 While it is true that Plaintiff never took any affirmative steps to serve the wrong Correctional
5 Officer Patterson, resulting in his dismissal without prejudice, neither defendant Columbus nor
6 the Attorney General's Office alerted Plaintiff or the court to the fact that the wrong defendant
7 had been identified. Even if Plaintiff had taken affirmative action to serve Patterson, as a result
8 of the Attorney General's filing, he would have attempted to serve Derrick Patterson at his last
9 known address, not the correct defendant, Chester Patterson. Nor has anyone stated at this
10 point whether the correct defendant, Chester Patterson, is still employed by NDOC.

11 Hopefully this quandary was the result of an oversight, but in any case, the court
12 emphasizes that an effort should be made by both plaintiff as well as the Attorney General's
13 Office to assure that the correct defendants are identified and served.

14 Accordingly, Plaintiff's motion is denied insofar as it requests that default judgment be
15 entered against defendant Columbus or even Chester Patterson; however, the court will
16 construe Plaintiff's motion as requesting leave to amend to name the correct defendant
17 Patterson, *i.e.*, Chester Patterson, and grants that request and amends the complaint by
18 interlineation. The court directs the Attorney General to file a notice within fourteen days
19 indicating whether or not it can accept service on behalf of Chester Patterson, and if it cannot,
20 to file his last known address under seal. If the Attorney General's Office cannot accept service
21 on behalf of Chester Patterson, Plaintiff will in turn have fourteen days from the date the
22 Attorney General's Office files its notice to file a motion requesting the issuance of a summons
23 to Chester Patterson. At that time, the court will revisit the scheduling order in this matter and
24 make any necessary amendments.

25 There is no reason that the court cannot proceed with an evaluation of defendant
26 Columbus's motion for summary judgment. If the Attorney General's Office accepts service on
27 behalf of Chester Patterson, or in the event he is served, the court will deal with how to proceed
28

5

1  with the action against Chester Patterson at that time.

## III. CONCLUSION

(1) Plaintiff's motion for entry of default judgment (Doc. # 54) is **DENIED**;

(2) Plaintiff's motion is construed as requesting leave to amend to name the proper defendant Patterson, Chester Patterson, and such amendment is **GRANTED** and the complaint (Doc. # 4) will be amended by interlineation to reflect the same;

(3) The Attorney General's Office shall advise the court within **fourteen days** of the date of entry of this order whether it can accept service of process on behalf of **CHESTER PATTERSON**, and if it cannot accept service, it shall file, under seal, the last known address of **CHESTER PATTERSON**;

(4) If the Attorney General's Office indicates that it cannot accept service for **CHESTER PATTERSON**, Plaintiff shall file a motion requesting issuance of a summons to Chester Patterson at the last known address filed under seal within **fourteen days of the date the Attorney General's Office files a notice that it cannot accept service on behalf of Chester Patterson**.

**IT IS SO ORDERED**.

DATED: August 22, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE