UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEFFREY S. PATERSON, | ) | 3:11-cv-00845-HDM-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | November 5, 2013 |
| | ) | |
| STATE OF NEVADA, ex rel, NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*, | ) ) ) | |
| Defendants. | ) ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:            FTR

COUNSEL FOR PLAINTIFF:   Jeffrey S. Paterson, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):   Nathan Hastings, Esq, (Telephonically)

**MINUTES OF PROCEEDINGS: Status Conference**

1:30 p.m. Court convenes.

    The court addresses the parties regarding the purpose of this hearing.  The court notes this case has been pending since 2011.  The court has been advised by the Chambers of Senior District Judge Howard McKibben that it is the intention of the court to set trial in this matter in early 2014.  The court reminds the parties of the recently filed Scheduling Order (Doc. # 84) with a discovery cut-off deadline of January 22, 2014.  The parties are informed that it is unlikely the court will favorably receive requests for extension(s) of time regarding discovery.

    The court turns to Plaintiff's "Motion for Relief (Fed. R. Civ. P. 60(b)(3))" (Doc. # 82).  Plaintiff briefly discusses his intention for filing his motion for relief.

    In response to Plaintiff's statements, the court makes note of several concerns it has with regard to Plaintiff's motion for relief.  First, Plaintiff's motion for relief, which in its content appears to voice some type of discovery dispute, would probably be better suited if it were filed and pursued as a motion to compel.  The court advises Plaintiff that a motion to compel is a discovery motion which would require the parties to first attempt to resolve the discovery dispute prior to bringing a motion to compel before the court.  Counsel for Defendants indicates that to the extent possible, he would cooperate with Plaintiff with regard to discovery.

MINUTES OF PROCEEDINGS
3:11-cv-00845-HDM-WGC
Date: November 5, 2013
Page 2

     Second, a motion filed under Fed. R. Civ. P. 60 typically seeks relief from a final judgment or order that has been entered by the court.  Plaintiff's motion neither specifies an order or judgment entered by the court nor does the docket reflect a Rule 60(b)(3) order or judgment having been entered by this court from which Plaintiff seeks relief from.   Thus, there is no basis at this point in time for a 60(b) motion.

     Finally, the court addresses Plaintiff's arguments concerning certain alleged discrepancies he attributes to the Defendants during litigation and discovery, such as whether the answer to the complaint filed by defendant Patterson (Doc. # 83) was timely or whether the failure of defendant Columbus to date a Declaration submitted with Defendants' Motion for Summary Judgment (Doc. # 46-1) is fatal to the motion.   The court advises Plaintiff that Defendant Patterson's answer was filed before Plaintiff sought to have a default entered against him (Doc. # 88).  While the Columbus Declaration should have been dated, the court does not deem that omission to prevent consideration of the Declaration by the court.

     The court advises Plaintiff that defaults are disfavored where it appears a party has the intention to defend against an action.  The Plaintiff was further informed  that even if a default were to have been entered by the Clerk, any default would have likely been set aside because defaults are "disfavored" and that defaults are inconsistent with the preference of federal courts to resolve matters on the merits rather than on technicalities.  The Plaintiff is advised that motions to set aside defaults are considered liberally and often granted.

     In view of the discussions had with Plaintiff and counsel for Defendants  today, Defendants are not required to file a response to Plaintiff's motion for relief and Plaintiff's Motion for Relief (Fed. R. Civ. P. 60(b)(3)) (Doc. # 82) is **DENIED as moot**.

**IT IS SO ORDERED.**

1:59 p.m. Court adjourns.

                                                                   LANCE S. WILSON, CLERK

                                                                   By: _____/s/_____
                                                                        Katie Lynn Ogden, Deputy Clerk