**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JEFFREY S. PATERSON, Plaintiff, vs. STATE OF NEVADA, ex rel, NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*, Defendants. | ) | 3:11-cv-00845-HDM-WGC<br>**MINUTES OF PROCEEDINGS**<br>March 12, 2014 |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: Katie Lynn Ogden REPORTER: FTR

COUNSEL FOR PLAINTIFF: Jeffrey S. Paterson, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S): Nathan Hastings, Esq, (Telephonically)

**MINUTES OF PROCEEDINGS: Status Conference**

1:58 p.m. Court convenes.

The court holds today's hearing to address plaintiff's "Motion to Compel Documents for Discovery Under FCRP Rule 37(a)" (Doc. # 92)[1] and plaintiff's "Motion for Enlargement of Time [First Request]" (Doc. #95).

The court explains to plaintiff that Local Rule 26-7(a) requires that "all motions to compel discovery or for protective order shall set forth in full text of the discovery originally sought and the response thereto, if any." Furthermore, Local Rule 26-7(b) requires the movant of a discovery motion to attach a statement certifying that there was a sincere effort attempted by the parties to resolve the matter before court intervention. The court notes plaintiff's motion to compel fails to comply with either of the two local rule requirements. Nevertheless, the court proceeds to address plaintiff's motions.

The court and parties discuss plaintiff's discovery requests and what has or has not been produced to date.

After hearing from the parties, the court directs defendants to produce to plaintiff the

[1] Defendants' response filed 12/27/2013 at Doc. # 94.

Investigation Report by Russ Hebert of the Office of the Inspector General.[2] The court notes that it does not believe there will be any security issues producing this report to plaintiff in light of the earlier production of Inspector Rod Moore report (Doc. # 46-1).

The court expresses its concern that the report produced in this matter does not appear complete given the nature of the incident that occurred on April 5, 2010. Furthermore, the court is also concerned of the limited information produced by defendants thus far relative to the Nevada Department of Corrections ("NDOC") investigation.

The court directs the defendants to produce a declaration from a records custodian. The declaration shall confirm that the records produced in this matter to date constitutes the complete records from the incident and there are no additional records. The court notes that plaintiff's request for production shall not be construed so narrowly to only Investigation Reports but to include other reports that may have relevance to this incident.

Therefore, plaintiff's "Motion to Compel Documents for Discovery Under FCRP Rule 37(a)" (Doc. # 92) is **GRANTED**. Defendants shall produce any further NDOC/Inspector General Reports and submit the declaration of the records custodian no later than **Wednesday, March 26, 2014**.

Unless additional information is produced as a result of the defendants further investigation relating to this incident, the court does not find it necessary to revise the Scheduling Order (Doc. # 84). Therefore, at this time, plaintiff's "Motion for Enlargement of Time [First Request]" (Doc. # 95) is **DENIED without prejudice**, to allow plaintiff the opportunity to renew this request should additional undisclosed information be produced.

The court will allow additional time for defendant Chester Patterson to reply to his Motion for Summary Judgment (Doc. # 101). Defendant's reply is due no later than **Wednesday, March 26, 2014**.

The court schedules a further discovery status conference for **Wednesday, April 2, 2014, at 10:00 a.m.**

**IT IS SO ORDERED.**

2:32 p.m. Court adjourns.

---

[2] Request for Production No. 1 (see Doc. 94-1, pg. 4)

LANCE S. WILSON, CLERK

By: /s/
Katie Lynn Ogden, Deputy Clerk