UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEFFREY S. PATERSON, | ) | 3:11-cv-00845-HDM-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | April 2, 2014 |
| | ) | |
| STATE OF NEVADA, ex rel, NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*, | ) ) ) | |
| Defendants. | ) ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden   </u>   REPORTER:   <u>            FTR            </u>

COUNSEL FOR PLAINTIFF:   <u> Jeffrey S. Paterson, In Pro Per (Telephonically)           </u>

COUNSEL FOR DEFENDANT(S):   <u> Nathan Hastings, Esq, (Telephonically)           </u>

**MINUTES OF PROCEEDINGS: Status Conference**

9:57 a.m. Court convenes.

The court addresses Defendant's March 26, 2014 "Notice of Production of Documents Pursuant to the Court's Order (#108)" (Doc. # 110). The production consists of documents bates stamped 0022-0081 which Defendant's counsel represents is the entirety of the Nevada Department of Corrections ("NDOC") Inspector General ("IG") file for the April 5, 2010 incident at issue. Counsel states documents 0038-41of the production are the Investigation Report of Russ Hebert which is being produced to Plaintiff directly pursuant to court order (Doc. # 108). The remaining documents, 0022-37 and 0042-81 (including 0078 audio disc), were produced to the prison warden's office, where Defendant's counsel states Plaintiff may kite to review them.

The court is advised that Plaintiff has yet to review the latest production of documents. However, on March 27, 2014, he submitted a kite to review the documents and audio disc and is waiting to receive confirmation when he is scheduled for the review.

The court addresses Defendant's motion (Doc. # 111) to file Exhibit A of Doc. # 112 under seal. The court discusses the necessity of sealing Exhibit A in light of the fact many of the documents have been previously produced in this litigation. Deputy Attorney General Hastings explains that the issue is only with regard to inmate possession of documents contained in a

MINUTES OF PROCEEDINGS
3:11-cv-00845-HDM-WGC
Date: April 2, 2014
Page 2

prisoner's I-File and the IG file, which are prohibited by NDOC policies.  However, after reviewing the entirety of the documents, the court finds only a select few of the documents contain confidential information.  Furthermore, it appears to the court there are a fair amount of documents that have already been produced in this matter unsealed as a result of a previous motion for summary judgment filed by Defendants.

Therefore, Defendant's Motion for Leave to File Under Seal, Documents Produced Pursuant to Court Order (#108) (Doc. # 111) is **GRANTED in part** and **DENIED in part**.  Page numbers 0050, 0051, 0053, 0079, 0080 and 0081 in Doc. # 112-1 shall remain sealed.  The remaining documents shall be unsealed by the clerk.  As to documents 0079-0081 extracted from Plaintiff's I-File, Defendant is directed to clarify and notify the court no later than **Tuesday, April 8, 2014**, whether these documents were previously provided to Plaintiff.  If the documents were produced to Plaintiff at some prior point in time, Defendant agrees to reproduce the documents to Plaintiff for his possession and that sealing of those documents would be unnecessary.

The court notes Defendant's supplemental production (Doc. # 110) was not made before Plaintiff had to file his Opposition to Defendant's Motion for Summary Judgment (Doc. # 106).  It further appears ceratin components of Defendant's document production (e.g. document 0078, the audio disc and transcription of a recorded telephone conversation) were utilized by Defendant in his reply memorandum (Doc. # 109).  The court expresses its concern Plaintiff has not had an opportunity to address the documents utilized by Defendant in his reply brief for the motion for summary judgment.

The court determines Plaintiff should ultimately have available to him the universe of documents relating to the April 5, 2010 incident in order to be able to adequately oppose Defendant's Motion for Summary Judgment (Doc. # 101) and/or to support his own Motion for Summary Judgment (Doc. # 99).  However, because Plaintiff did not have the opportunity to utilize certain of these documents in his original opposition to Defendant's Motion for Summary Judgment (Doc. # 106), the court will allow Plaintiff leave to file a sur-reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. # 109).

Therefore, Plaintiff's Objection and Motion to Strike Defendant's Reply (#109) (Doc. # 114) is **GRANTED in part** and **DENIED in part**.  Plaintiff shall have up to and including **Wednesday, April 30, 2014**, to file his sur-reply.  To the extent Plaintiff seeks a court order to strike Defendant's reply to his motion for summary judgment, such is DENIED.

Plaintiff makes an oral request for production of transcripts at Defendant's expense regarding this hearing and two previous hearings held on November 8, 2013 (Doc. # 90) and

MINUTES OF PROCEEDINGS
3:11-cv-00845-HDM-WGC
Date: April 2, 2014
Page 3

March 12, 2014 (Doc. # 108).  Plaintiff contends the court has grounds to order such a production in light of the delays Defendant's counsel has allegedly caused throughout this litigation with respect to production of documentation.

Plaintiff's oral request is **DENIED**.  The court does not share Plaintiff's interpretation that Defendant's counsel has caused intentional delay in this matter.  Furthermore, the court does not find the transcripts of previous hearings would embellish Plaintiff's arguments in the prosecution of this case as they would not provide Plaintiff admissible evidence governed by Fed. R. Civ. P. 56(c).

**IT IS SO ORDERED.**

2:32 p.m. Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk