UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY S. PATTERSON, | 3:11-cv-00845-HDM-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, ex. rel. NEVADA DEPARTMENT OFCORRECTIONS, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Objection and Motion to Strike/Sanctions Pursuant to F.R.C.P. 37(b). (Docs. # 117, # 118.)[1] Defendant Patterson filed an opposition. (Doc. # 127.) Plaintiff then filed another document titled, "Motion to Strike and Invoke Existing Sanctions Third Notice." (Doc. # 129.) In response, defendant Patterson filed a Motion for Clarification or in the alternative Motion for Enlargement of Time (Doc. # 131) stating that he was uncertain whether Plaintiff's latest filing (Doc. # 129) was actually a reply in support of Doc. # 118 or was a new motion. Plaintiff then filed a document stating, among other things, that Doc. # 129 was intended to be his reply brief. (Doc. # 132.)

After a thorough review, for the reasons set forth below, Plaintiff's motion (Doc. # 118) is granted in part and denied in part. Defendant Patterson's motion for clarification or an extension of time (Doc. # 131) is denied as moot.

**I. BACKGROUND**

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the court's docketed page numbers. Doc. # 117 and Doc. # 118 are identical. Unless otherwise noted, for simplicity all references will be to Doc. # 118.

Corrections (NDOC). (Pl.'s Compl., Doc. # 4 at 1; Am. Compl. Doc. # 74.)[2] The events giving rise to this litigation took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The only remaining defendant is Chester Patterson.[3]

A**. Status of Pleadings and Parties**

Plaintiff originally submitted this action for filing along with his application to proceed in forma pauperis on November 22, 2011. (Doc. # 1.) The court screened the complaint and ordered that Plaintiff could proceed with his claim that defendants Patterson and Columbus were deliberately indifferent to a serious risk to Plaintiff's safety when defendant Patterson, working in the control room, opened the cell door of two inmates Plaintiff believed to be gang members and opened Plaintiff's cell door, and Plaintiff was attacked. (Screening Order, Doc. # 3.) Plaintiff alleged that despite the noise neither defendant Patterson nor Columbus did anything to intervene. (*Id.*) The remaining claim against defendants Stankus and Dunham was dismissed. (*See* Docs. # 31, # 36.)

The Attorney General's Office accepted service on behalf of defendant Columbus (Doc. # 14) and filed under seal the last known address of *Derrick* Patterson, who was no longer employed by NDOC. (*Id.*; Doc. # 15.) The court initially dismissed *Derrick* Patterson without prejudice because Plaintiff failed to serve him within 120 days as required by Federal Rule of Civil Procedure 4(m). (*See* Docs. # 31, # 36.) Defendant Columbus filed his answer on December 31, 2012. (Doc. # 37.)

Plaintiff then filed a motion asking the court for an order allowing Plaintiff access to a NOTIS investigation report provided by the Attorney General's Office, bates stamped Paterson 845:Resp. to RPD [1]-004-007. (Doc. # 45.) The court denied this request as moot as it was advised by defense counsel that Plaintiff would be able to view the document. (Doc. # 49.)

---

[2] The complaint was amended to reflect the addition of the proper defendant, Chester Patterson, only. Other orders entered with respect to the original complaint apply to the amended complaint. (*See* Doc. # 78.)

[3] Summary judgment was granted as to defendant Columbus. (Report and Recommendation at Doc. # 66; Order adopting at Doc. # 102.) Plaintiff's motion for reconsideration of the order granting summary judgment to defendant Columbus is addressed in a separate report and recommendation.

On May 6, 2013, Plaintiff filed a request for clarification of the identity of defendant Patterson, stating that he was able to review the investigation report referred to above, and noticed that the report referenced an officer *Chester* Patterson as working in the control bubble on the date in question, and not *Derrick* Patterson whose last known address had been filed under seal and who had been dismissed from the action because Plaintiff had not timely served him. (Doc. # 50.) In response, the court directed defense counsel to ascertain which officer Patterson was working in the control bubble on the date in question, Derrick Patterson or Chester Patterson. (Doc. # 52.) Defense counsel ultimately confirmed that it was *Chester* Patterson and not *Derrick* Patterson working in the control bubble on April 5, 2010. (Doc. # 55, Doc. # 55-1.) Thus, the court issued an order granting Plaintiff leave to amend to name *Chester* Patterson as a defendant. (Doc. #65; Am. Compl. at Doc. # 74.) Chester Patterson was served on October 2, 2013 (Doc. # 80) and he filed an answer on October 24, 2013 (Doc. # 83).

**B. Defendant Columbus' Motion for Summary Judgment**

Defendant Columbus filed a motion for summary judgment on May 1, 2013. (Doc. # 46.) After being granted an extension of time, Plaintiff filed his response. (Doc. # 60.) Defendant Columbus filed his reply. (Doc. # 61.) Plaintiff filed a sur-reply, which was stricken. (*See* Docs. # 62, # 64, # 66, # 102.)

The court issued a report and recommendation, which was adopted and accepted by District Judge McKibben over Plaintiff's objection (Doc. # 71), granting summary judgment to defendant Columbus. (Doc. # 66; Doc. # 102.) In granting summary judgment, the court reviewed all of the evidence presented by both defendant Columbus and Plaintiff. (*Id*.) The court pointed out that Columbus provided a declaration stating that he was not aware in advance of the incident where Plaintiff was assaulted of any risk of harm to Plaintiff, and responded to Plaintiff's cell immediately upon learning that there was an altercation. (Doc. # 66 at 11.) The court found that this shifted the burden to Plaintiff to establish a genuine dispute of material fact as to whether or not defendant Columbus knew of and disregarded a substantial risk of serious harm to Plaintiff. (*Id*.) In analyzing Plaintiff's argument, the court construed the facts in the light most favorable to Plaintiff and even credited Plaintiff's statements that Columbus should have

1  been able to hear yelling on the tier at the time of the incident. (*Id*.) However, the court
2  concluded that this statement was not enough to create a genuine dispute of material fact on this
3  issue. (*Id*. at 11.)

**C. Plaintiff's Motion to Compel**

Following the issuance of the report and recommendation to grant summary judgment in favor of defendant Columbus, and the addition of defendant Chester Patterson to this action, Plaintiff filed a motion to compel. (Doc. # 92.) Defendant Patterson filed a response. (Doc. # 94.) Plaintiff's motion did not set out the text or response of the discovery at issue and Plaintiff did not engage in a meet and confer effort prior to filing his motion as is required by the Federal Rules of Civil Procedure and Local Rules of Practice. Defendant Patterson outlined the discovery dispute and provided the requests and responses in question. (Doc. # 94; Doc. # 94-1.) Despite the deficiencies in Plaintiff's motion, the court decided to address the discovery dispute. (*See* Minutes of March 12, 2014 hearing at Doc. # 108.)  The dispute centered on defendant Patterson's responses to Plaintiff's four requests for the production of documents; however, the crux of the dispute centered on requests 1 and 3:

> **REQUEST FOR PRODUCTION NO. 1**: "Investigation Report by Russ Herbert of the Office of the Inspector General of the assault on Plaintiff that occurred on April 5, 2010."
>
> **RESPONSE TO PRODUCTION NO. 1:** Objection, investigations are confidential in nature. Plaintiff is requesting documents that Plaintiff is not permitted to possess; per AR 560 - Central and Institutional Record Files; AR 568- Inmate Review of Departmental Records and AR 569 - Confidentiality of Inmate Records. Objection, Inspector General investigations are confidential pursuant to AR 457 - Investigations. Notwithstanding these objections and without waiving them, Defendant will produce a NOTIS report entitled "Investigation Detail Report" including the disposition of the investigation identified as bearing bates stamp range PATERSON 845: Resp. to RPD [1] - 0001 - 0004. The documents are not being sent to Plaintiff for his in-cell possession. Rather, they are being sent to the prison, Warden's office, where they will be maintained. Plaintiff may submit a proper request to the Warden's office to review the documents.
>
> **REQUEST FOR PRODUCTION NO. 3:** Investigation Report on the actions of Chester Paterson concerning the assault on Plaintiff that occurred on April 5, 2010.
>
> **RESPONSE TO PRODUCTION NO. 3:** Objection, investigations are confidential in nature. Plaintiff is requesting documents that Plaintiff is not permitted to possess; per AR 560 - Central and Institutional Record Files; AR 568 - Inmate Review of Departmental Records and AR 569 - Confidentiality of Inmate Records. Objection, Inspector General investigations are confidential pursuant to AR 457 - Investigations. Notwithstanding these objections and without waiving them, proper response to this request is provided herein (above), see Response no. 1, i.e., Investigation Report by Russ Herbert. Therefore no

further response is forthcoming.

(Doc. # 94-1.)

In his briefing on the motion to compel, Plaintiff indicated that he had served a request for production of documents on defendant *Columbus* where he asked for any reports related to the investigation of the April 5, 2010 incident by Inspector General Russ Herbert. (Doc. # 96 at 10.) After asserting various objections, defendant *Columbus* indicated that he was not aware of any report produced by Russ Herbert of the Inspector General's Office related to this matter, but he would produce a NOTIS report entitled "Investigation Detail Report" bates stamped PATERSON 845: Resp. to RPD [1] - 004 - 007, and Plaintiff would be able to kite to review it in the warden's office. (*Id.*) The report was actually from NDOC investigator *Rod Moore*, and not *Russ Herbert*, and indicated that it was assigned on February 7, 2011. (Doc. # 92 at 5.) This report was also used in support of defendant Columbus' motion for summary judgment. (Doc. # 46-1 at 7-10.)

When Plaintiff asked defendant *Patterson* for the investigation report by Russ Herbert, defendant *Patterson* asserted similar objections and then indicated he would be producing a NOTIS report titled "Investigation Detail Report", including the disposition of the investigation, bates labeled as Paterson 845: Resp. to RPD [1] - 0001- 0004, and instructed Plaintiff to kite to review it in the warden's office. (Doc. # 96 at 12-13.) Plaintiff also asked defendant *Patterson* for the investigation Report on the actions of defendant Patterson concerning the incident on April 5, 2010. (*Id.* at 13.) After asserting objections, defendant Patterson indicated he would produce the same report (Paterson 845: Resp. to RPD [1] - 0001- 0004) for Plaintiff to kite to review in the warden's office. (*Id.*) Plaintiff was eventually able to review this report in the warden's office and noted that the report listed the investigator as *Russ Herbert*. (Doc. # 96 at 6.)

Plaintiff argued that he should be able to possess these reports in his cell in order to conduct briefing relative to dispositive motions filed in this case, and not simply kite to review them in the warden's office. (Doc. # 96.)

Before the court held its hearing on the motion to compel, both defendant Patterson and Plaintiff filed motions for summary judgment. (Docs. # 99 (Pl.'s), # 101 (Def.'s).) Briefing on the

1  motions was almost complete, other than defendant Patterson's reply in support of his motion for
2  summary judgment, at the time the court held the hearing on Plaintiff's motion to compel on
3  March 12, 2014. (*See* Docs. # 99, # 100, # 101, # 105, # 106.)

4  The court held the hearing on the motion to compel on March 12, 2014. (Minutes at Doc.
5  # 108.) After discussing with the parties what had been produced, the court directed defendant
6  Patterson to produce to Plaintiff the Russ Herbert report. (*Id*. at 1-2.) The court further directed
7  defendant Patterson to produce any further reports relevant to this incident along with a
8  declaration from a records custodian confirming that the records produced to date constitute the
9  complete records from the incident on April 5, 2010. (*Id*. at 2.) To that end, Plaintiff's motion to
10 compel was granted. (*Id*.)

11 Defendant Patterson did in fact produce additional documents (bates labeled Paterson
12 945: 0022 - 0081[4]), along with authenticating declarations and a declaration certifying that this
13 production included the entirety of the NDOC Inspector General File for the incident and April
14 2010 classification documents from Plaintiff's I-file along with an authenticating declarations
15 confirming this is the case. (*See* Docs. # 110, # 110-1, # 110-2, # 110-3, # 110-4; # 111, # 112,
16 # 113.)

17 The court held a further status conference on this matter on April 2, 2014. (Doc. # 115.)
18 At that time, the court gave Plaintiff leave to file a supplemental brief in opposition to defendant
19 Patterson's motion for summary judgment after he had a chance to review these newly produced
20 documents. (*Id*.) The documents (except those ordered to remain under seal and to be viewed by
21 Plaintiff by kiting the warden's office) were produced to Plaintiff. (Docs. # 116, # 116-1.)
22 Plaintiff apparently declined to review an audio CD of telephone records which were referred to
23 in defendant Patterson's motion for summary judgment briefing, but it was confirmed the CD
24 was made available to Plaintiff. (*Id*.; Doc. # 116-2.)[5]

---

[4] Documents bates labeled 0038-0041 are the Investigation Report of Russ Herbert. Doc. # 0078 was an audio disc which the court was provided to the court as well as for Plaintiff to review through the warden's office. (*See* Doc. # 110 at 3 n. 2, n. 3.)

[5] The complete Inspector General file regarding this incident, which defense counsel represented was not produced previously as a result of an oversight, contained a CD of a telephone conversation attributed to Plaintiff that was recorded by NDOC. (*See* Doc. # 109 at 5, n. 2.) In his reply brief in support of his motion for summary

**D. Instant Motion**

In this motion, Plaintiff asserts that Defendants have withheld documents and submitted perjured declarations in order to gain favorable rulings on summary judgment. (Doc. # 118 at 1.) He seeks the imposition of sanctions under Federal Rule of Civil Procedure 37 and asks for the recovery of costs expended on legal copy work and writing supplies in the amount of $62.19 in connection with his motion to compel. In addition, he asks the court to strike any reference to the audio CD or transcript of a telephone conversation utilized by defendant Patterson in his reply in support of his motion for summary judgment. Finally, he appears to ask the court to make a finding that perjury has occurred relative to various declarations filed by the defendants in this case and that the documents be stricken from the record.

## II. DISCUSSION

**A. Russ Herbert and Rod Moore Reports and the Elizabeth Walsh Declaration**

In connection with his request for sanctions, Plaintiff raises the discrepancy between defendant Columbus' and defendant Patterson's responses to the request for production asking for investigation reports regarding this incident. (Doc. # 118 at 2-4.) Specifically, he points out that defendant Columbus responded that he was not aware of an investigative report by Russ Herbert but produced a report from investigator Rod Moore while defendant Patterson responded by producing a report by Russ Herbert. (*Id*. at 2-3.) He states that defendant Columbus relied on the Rod Moore report in his motion for summary judgment, and in so doing NNCC Associate Warden Elizabeth Walsh submitted a declaration where she stated familiarity with institutional files and the way they are kept and intimates that she should have produced the complete Inspector General's Office file when it was first requested of defendant Columbus. (*Id*. at 3-4.) Since the full file was not produced, he contends that her declaration was false. (*Id*.)

Defendant Patterson explains that the reason for the discrepancy was because counsel believed at the time that the NOTIS report which had been produced in response to the discovery propounded to defendant Columbus was the only available report; however, this was an oversight and was not intentional. (Doc. # 127 at 4.) The court has previously explained to

---

judgment, defendant Patterson argues that this recording contains evidence that undermines Plaintiff's claim that defendant Patterson knew of any risk of harm to Plaintiff in opening the cell doors that day. (*Id*.)

- 7 -

1  Plaintiff in hearings addressing this issue that it did not share Plaintiff's view that the failure to
2  produce the entire report was intentional or was anything other than an oversight. (*See* Doc.
3  # 115 at 3.) Plaintiff has not brought forward any information at this time to change the court's
4  view of the issue of whether the failure to produce the documents was somehow willful. The
5  court similarly does not adopt Plaintiff's view that Ms. Walsh's declaration was intentionally
6  false. As has been explained to Plaintiff on multiple occasions, the failure to produce the
7  complete file was an oversight. There is no finding of perjury. Likewise, the court will not order
8  the Walsh declaration stricken.

9  The court does recognize that Plaintiff was required to file a motion to compel in order to
10  obtain the full file and the court did grant the motion to compel in this respect. Therefore, it
11  appears that the imposition of an award of expenses incurred in connection with bringing the
12  motion may be warranted under Federal Rule of Civil Procedure 37(a)(5)(A). The rule provides
13  that if a motion to compel discovery is granted or if disclosure or discovery is provided after a
14  motion to compel is filed, "the court must, after giving an opportunity to be heard, require the
15  party or deponent whose conduct necessitated the motion...to pay the movant's reasonable
16  expenses incurred in making the motion, including attorney's fees" unless "the movant filed the
17  motion before attempting in good faith to obtain the disclosure or discovery without court
18  action;" "the opposing party's nondisclosure, response, or objection was substantially justified;"
19  or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

20  Plaintiff seeks an award of $62.19, which he contends are his reasonably copying costs
21  and costs for writing materials incurred in connection with the motion. (Doc. # 118 at 19, 21.)
22  While defendant Patterson has opposed Plaintiff's motion requesting sanctions, he asserts that in
23  a showing of good faith, he would not object to the court ordering that Plaintiff be awarded an
24  amount that would  compensate him for reasonable expenses incurred in connection with the
25  motion, which he asserts is $25. (Doc. # 127 at 4.)

26  Here, the court did grant Plaintiff's motion to compel. Plaintiff did fail to meet and confer
27  in good faith prior to filing the motion; however, defendant Patterson ultimately was required to
28  concede that not all of the documents available were produced to Plaintiff. Counsel represented

1  at that time that the failure to produce the entirety of the Inspector General's file related to the
2  incident was an oversight and was not intentional. This does not necessarily mean that the failure
3  to disclose the entirety of the file was "substantially justified." Given that Plaintiff was required
4  to copy, serve and file many documents in connection with this discovery dispute, the court finds
5  that the payment of Plaintiff's reasonable expenses is warranted under Rule 37(a)(5)(A).
6  Moreover, as indicated above, defendant Patterson does not object to the payment of $25 to
7  Plaintiff as reimbursement for his expenses. Plaintiff has provided an itemized statement of
8  copying expenses incurred in the amount of $62.19; however, what is not readily apparent from
9  that document is any correlation between the copy work expenses and filings related to this
10 discovery dispute. The court is unable to correlate every entry on the itemized statement with a
11 filing on the docket that can be described as related to the motion to compel. In addition, many
12 documents have been filed by Plaintiff in this case unrelated to the discovery dispute. Therefore,
13 it cannot be said that the $10 he attributes to writing materials was entirely incurred in
14 connection with the motion to compel. The court finds that Plaintiff should be awarded the
15 amount of $30, payable to the appropriate NDOC trust account assigned to Plaintiff within thirty
16 days of the date of this Order.

17 **B. Completeness of Production**

18 Plaintiff then disputes defendant Patterson's representation (via the declaration of Perla
19 Hernandez) that the entirety of the Inspector General's file on this incident has been produced,
20 and therefore the declaration of Perla Hernandez is false. (*Id*. at 4-5.) He argues that the Russ
21 Herbert report indicates that it was assigned on June 17, 2010, while the Rod Moore assigned
22 date is February 7, 2011; therefore, he contends there is documentation in the interim time period
23 that is missing. (*Id*. at 4.) He also claims that the record is incomplete because some of the forms
24 contained within the file are unsigned and undated. (*Id*. at 4-6.) He then references interviews
25 that he claims Mr. Herbert conducted of himself and other witnesses and officers which he
26 contends should be reflected in the report. (*Id*. at 5.)

27 Plaintiff's argument is based entirely on his speculation that the record is incomplete
28 because there is a gap in the dates of the two reports produced and because some documents are

1 unsigned or undated. The court does not share Plaintiff's interpretation of the record and without
2 more cannot conclude that the declaration of Ms. Hernandez is anything other than forthright
3 about the completeness of the production.

4 **C. Declarations of Patterson and Columbus**

5 Next, Plaintiff takes issue with the declarations of the defendants, filed in support of their
6 respective motions for summary judgment. (Doc. # 118 at 7.)

7 First, as to defendant Patterson, Plaintiff asserts that Patterson admits to having opened
8 the doors to the cells that day, but his rationale for doing so (that the inmates asked to be allowed
9 to exchange information) does not make sense because the inmates could have just shouted the
10 information across the tier. (*Id*.) He also points out statements attributed in a report defendant
11 Patterson made after the incident which Plaintiff contends support his claims. (Id.) This
12 argument is asserted in Plaintiff's briefing on the motion for summary judgment and confronts
13 the merits of Plaintiff's claim and Mr. Patterson's defenses. The argument is therefore addressed
14 in connection with the dispositive motions. It does not present a basis for the imposition of
15 sanctions.

16 Plaintiff then points out that NOTIS reports by other officers mention that Plaintiff's
17 cellmate departed the cell while the assault was taking place. (Doc. # 118 at 8.) Plaintiff contends
18 that there is no statement regarding Plaintiff's cellmate's whereabouts in defendant Patterson's
19 report or his declaration. (*Id*.) Plaintiff surmises that by leaving out this detail, defendant
20 Patterson "falsified his declaration to gain a favorable ruling by this court." (*Id*.) Plaintiff's
21 argument is without merit. Plaintiff does not show how this detail is in any way material to his
22 claim. Moreover, if Plaintiff believed it to be material, his remedy was to raise it in his briefing
23 on the motions for summary judgment to try to create a genuine dispute of material fact. It is not
24 grounds for imposing sanctions, and it is certainly not suggestive of perjury.

25 Plaintiff goes on to rehash his argument about defendant Columbus' statements in his
26 declaration. (*Id.* at 8-9.) These arguments were asserted in response to defendant Columbus'
27 motion for summary judgment and again in Plaintiff's motion for reconsideration. The court has
28 addressed them in both contexts. Plaintiff's argument that defendant Columbus should have

1  heard yelling because defendant Patterson stated in a report that *he* heard yelling does not mean
2  that defendant Columbus was lying when he said he did not hear yelling. There is no evidence of
3  perjury here.

### D. Defendant Patterson's Departure from NDOC

As he did in connection with the summary judgment briefing, Plaintiff again argues that defendant Patterson's departure from his employment with NDOC was a result of the investigation of this incident. (Doc. # 118 at 10-11.)

Plaintiff raised this argument in connection with the summary judgment briefing. Defendant Patterson has refuted Plaintiff's speculative arguments by providing uncontroverted evidence that his departure from employment at NDOC was not related to this incident. (*See* Doc. # 109-1.) The argument is addressed in connection with the dispositive motions, and presents no basis for the imposition of sanctions here.

### E. Identity of Chester Patterson

Plaintiff raises the issue of the failure to promptly identify Chester Patterson as the correct defendant and argues that there was some intention to deceive him. (Doc. # 118 at 12-13.) The fact of the matter is that there were two correctional officers with the last name Patterson working at NNCC during the time period in question. The Attorney General's Office filed the last known address under seal of the wrong defendant Patterson. It did not come to anyone's attention until after a dismissal had been entered pursuant to Rule 4(m). When Plaintiff asked for clarification, the court directed that counsel identify the correct Officer Patterson, which they did. There is no evidence, and only Plaintiff's speculation, that this was a result of anything other than an oversight.

### F. CD/Transcript of Telephone Call

Plaintiff objects to the use of the CD or transcript of the telephone call attributed to him that was utilized in defendant Patterson's reply in support of his motion for summary judgment. (Doc. # 118 at 13.) He asserts that it is unauthenticated and the transcript does not identify who the inmate is that is transcribed. (*Id.*) He asks that it be stricken from any filings and from use at trial. (*Id.*)

1   In response, defendant Patterson asserts that to address any issue of authentication of this telephone call recording and transcript, he has produced a recording of the phone call as maintained by NNCC, including authentication and identification. (Doc. # 127 at 2.)

The court is concurrently issuing a report and recommendation on defendant Patterson's motion for summary judgment. While the court makes a note of defendant Patterson's reliance on this document in his reply brief, the court does not rely on it in undertaking its analysis of either defendant Patterson's or Plaintiff's motion for summary judgment. While Plaintiff has not stated that the recording is not accurate, the court recognizes that no inmate is specifically identified in the transcript. Because the court does not rely on the document in its analysis of the motions for summary judgment, and concludes that summary judgment should be granted as to defendant Patterson on a basis independent of the transcript, Plaintiff's objection and motion to strike the document are denied as moot. This also renders moot the arguments asserted in Plaintiff's reply brief regarding the timing of the production of the authenticated version of the call and the declaration submitted with it. (*See* Doc. # 129 at 1-3.)

**G. Language of Declarations**

Plaintiff takes issue with the fact that declarations submitted in connection with defendant Patterson's filings contain similar introductory language and contends that because they were prepared by the Attorney General's Office they are inadmissible hearsay. (Doc. # 118 at 6-7.)

It is not uncommon for an attorney to discuss matters with clients or client representatives and from those discussions prepare a declaration which the declarant should then read thoroughly and sign only if it comports with their personal knowledge. Nothing Plaintiff points out in this motion is improper.

///
///
///
///
///
///

## IV. CONCLUSION

Plaintiff's motion (Doc. # 118) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** insofar as he is awarded the amount of $30 pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), payable within thirty days of the date of this Order to the appropriate NDOC trust account assigned to Plaintiff; in all other respects it is **DENIED**.

Defendant's motion for clarification or seeking an extension of time (Doc. # 131) is **DENIED AS MOOT** as a result of Plaintiff's filing of Doc. # 132.

**IT IS SO ORDERED**.

June 12, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE