# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY S. PATTERSON,<br><br>                     Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, ex. rel.<br>NEVADA DEPARTMENT OF<br>CORRECTIONS, et. al.,<br><br>                     Defendants. | 3:11-cv-00845-HDM-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. (*See also* Doc. # 121[1], referring matter to Magistrate Judge for report and recommendation.)

Before the court is Plaintiff's Motion for Reconsideration under Fed. R. Civ. P. Rules 54(b) and 60(b). (Docs. # 119, # 120.)[2] Plaintiff seeks reconsideration of the court's order granting summary judgment to defendant Columbus. (*See* Docs. # 66, 102.) Defendants filed a response (Doc. # 125) and Plaintiff filed a reply (Doc. # 128).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the court's docketed page numbers.

[2] Plaintiff originally filed this motion at Doc. # 119; however, the image was apparently scanned improperly and the correct and complete image of the document is filed at Doc. # 120. All references will therefore be to Doc. # 120 and not Doc. # 119.

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Rule 60(b) applies to *final* orders. Plaintiff seeks review of an order that is considered interlocutory in nature because final judgment has not been entered in this action as to all parties and the court has not directed entry of final judgment as to fewer than all parties. Fed. R. Civ. P. 54(b). The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887. While other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59 (e). *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at * 1-2 (D. Nev. 2010)).

"A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Rizzolo*, 2010 WL 3636278, at * 1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (quoting *United States Aviation Underwriters v. Wesair, LLC*, No. 2:08-cv-00891-PMP-LRL, 2010 WL 1462707, at * 2 (D. Nev. 2010) (internal citation omitted)).

///

- 2 -

## II. BACKGROUND

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., Doc. # 4 at 1; Am. Compl. Doc. # 74.)[3] The events giving rise to this litigation took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id*.) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) The only remaining defendant is Chester Patterson. Summary judgment, granted to defendant Columbus, is the subject of Plaintiff's motion.

**A. Status of Pleadings and Parties**

Plaintiff originally submitted this action for filing along with his application to proceed in forma pauperis on November 22, 2011. (Doc. # 1.) The court screened the complaint and ordered that Plaintiff could proceed with his claim that defendants Patterson and Columbus were deliberately indifferent to a serious risk to Plaintiff's safety when defendant Patterson, working in the control room, opened the cell door of two inmates Plaintiff believed to be gang members and opened Plaintiff's cell door, and Plaintiff was attacked. (Screening Order, Doc. # 3.) Plaintiff alleged that despite the noise neither defendant Patterson nor Columbus did anything to intervene. (*Id*.) The remaining claim against defendants Stankus and Dunham was dismissed. (*See* Docs. # 31, # 36.)

The Attorney General's Office accepted service on behalf of defendant Columbus (Doc. # 14) and filed under seal the last known address of *Derrick* Patterson, who was no longer employed by NDOC. (*Id*.; Doc. # 15.) The court initially dismissed without prejudice Derrick Patterson as Plaintiff failed to serve him within 120 days as required by Federal Rule of Civil Procedure 4(m). (*See* Docs. # 31, # 36.) Defendant Columbus filed his answer on December 31, 2012. (Doc. # 37.)

Plaintiff then filed a motion asking the court for an order allowing Plaintiff access to a NOTIS investigation report provided by the Attorney General's Office, bates stamped Paterson 845:Resp. to RPD [1]-004-007. (Doc. # 45.) The court denied this request as moot as it was

---

[3] The complaint was amended only to reflect the addition of the proper defendant, Chester Patterson. Other orders entered with respect to the original complaint apply to the amended complaint. (*See* Doc. # 78.)

1  advised by defense counsel that Plaintiff would be able to view the document. (Doc. # 49.)

2  On May 6, 2013, Plaintiff filed a request for clarification of the identity of defendant
3  Patterson, stating that he was able to review the investigation report referred to above, and
4  noticed that the report referenced an officer *Chester* Patterson as working in the control bubble
5  on the date in question, and not *Derrick* Patterson who had been dismissed from the action
6  because Plaintiff had not timely served him. (Doc. # 50.) The court directed defense counsel to
7  ascertain which officer Patterson was working in the control bubble on the date in question,
8  Derrick Patterson or Chester Patterson. (Doc. # 52.) Defense counsel ultimately confirmed that it
9  was *Chester* Patterson and not *Derrick* Patterson working in the control bubble on April 5, 2010.
10 (Doc. # 55, Doc. # 55-1.) The court issued an order granting Plaintiff leave to amend to name
11 *Chester* Patterson as a defendant. (Doc. #65.) Chester Patterson was added as a defendant to the
12 complaint (Doc. # 74), served, and filed his answer (Doc. # 83).

13 **B. Defendant Columbus' Motion for Summary Judgment**

14 Defendant Columbus had filed a motion for summary judgment on May 1, 2013. (Doc. #
15 46.) After being granted an extension of time, Plaintiff filed his response. (Doc. # 60.) Defendant
16 Columbus filed his reply. (Doc. # 61.) Plaintiff filed a sur-reply, which was stricken. (*See* Docs.
17 # 62, # 64, # 66, # 102.)

18 The court issued a report and recommendation, which was adopted and accepted by
19 District Judge McKibben over Plaintiff's objection (Doc. # 71), granting summary judgment to
20 defendant Columbus. (Doc. # 66; Doc. # 102.) In granting summary judgment, the court
21 reviewed all of the evidence presented by both defendant Columbus and Plaintiff. (*Id*.) The court
22 pointed out that Columbus provided a declaration stating that he was not aware of the incident
23 where Plaintiff was assaulted in advance, and responded to Plaintiff's cell immediately upon
24 learning that there had been a possible altercation. (Doc. # 66 at 11.) The court found that this
25 shifted the burden to Plaintiff to establish a genuine dispute of material fact as to whether or not
26 defendant Columbus knew of and disregarded a substantial risk of serious harm to Plaintiff. (*Id*.)
27 In analyzing Plaintiff's argument, the court construed the facts in the light most favorable to
28 Plaintiff and even credited Plaintiff's statements that Columbus should have been able to hear

1   yelling on the tier at the time of the incident. (*Id*.) However, the court concluded that this
2   statement was not enough to create a genuine dispute of material fact on this issue. (*Id*. at 11.)

**C. Plaintiff's Motion to Compel**

Following the issuance of the report and recommendation to grant summary judgment in favor of defendant Columbus, and the addition of defendant Chester Patterson to this action, Plaintiff filed a motion to compel. (Doc. # 92.) Defendant Patterson filed a response. (Doc. # 94.) Plaintiff's motion did not set out the text or response of the discovery at issue and Plaintiff did not engage in a meet and confer effort prior to filing his motion as is required by the Federal Rules of Civil Procedure and Local Rules of Practice. Defendant Patterson outlined the discovery dispute and provided the requests and responses in question. (Doc. # 94; Doc. # 94-1.) Despite the deficiencies in Plaintiff's motion, the court decided to address the discovery dispute. (*See* Minutes of March 12, 2014 hearing at Doc. # 108.)  The dispute centered on defendant Patterson's responses to Plaintiff's four requests for the production of documents; however, the crux of the dispute centered on requests 1 and 3:

> **REQUEST FOR PRODUCTION NO. 1**: "Investigation Report by Russ Herbert of the Office of the Inspector General of the assault on Plaintiff that occurred on April 5, 2010."
> **RESPONSE TO PRODUCTION NO. 1:** Objection, investigations are confidential in nature. Plaintiff is requesting documents that Plaintiff is not permitted to possess; per AR 560 - Central and Institutional Record Files; AR 568- Inmate Review of Departmental Records and AR 569 - Confidentiality of Inmate Records. Objection, Inspector General investigations are confidential pursuant to AR 457 - Investigations. Notwithstanding these objections and without waiving them, Defendant will produce a NOTIS report entitled "Investigation Detail Report" including the disposition of the investigation identified as bearing bates stamp range PATERSON 845: Resp. to RPD [1] - 0001 - 0004. The documents are not being sent to Plaintiff for his in-cell possession. Rather, they are being sent to the prison, Warden's office, where they will be maintained. Plaintiff may submit a proper request to the Warden's office to review the documents.
> **REQUEST FOR PRODUCTION NO. 3:** Investigation Report on the actions of Chester Paterson concerning the assault on Plaintiff that occurred on April 5, 2010.
> **RESPONSE TO PRODUCTION NO. 3:** Objection, investigations are confidential in nature. Plaintiff is requesting documents that Plaintiff is not permitted to possess; per AR 560 - Central and Institutional Record Files; AR 568 - Inmate Review of Departmental Records and AR 569 - Confidentiality of Inmate Records. Objection, Inspector General investigations are confidential pursuant to AR 457 - Investigations. Notwithstanding these objections and without waiving them, proper response to this request is provided herein (above), see Response no. 1, i.e., Investigation Report by Russ Herbert. Therefore no further response is forthcoming.

**REQUEST FOR PRODUCTION NO. 4:** Disciplinary record/report of Chester Paterson that only concerns the assault on Plaintiff on the date April 5, 2010.
**RESPONSE TO PRODUCTION NO. 4:** The NDOC does not possess, and/or has not been able to locate any responsive disciplinary records related to Defendant Chester Patterson.

(Doc. # 94-1.)

In his briefing on the motion to compel, Plaintiff indicated that he had served a request for production of documents on defendant *Columbus* where he asked for any reports related to the investigation of the April 5, 2010 incident by Inspector General Russ Herbert. (Doc. # 96 at 10.) After asserting various objections, defendant *Columbus* indicated that he was not aware of any report produced by Russ Herbert of the Inspector General's Office related to this matter, but he would produce a NOTIS report entitled "Investigation Detail Report" bates stamped PATERSON 845: Resp. to RPD [1] - 004 - 007, and Plaintiff would be able to kite to review it in the warden's office. (*Id*.) The report was from investigator *Rod Moore*, and indicated that it was assigned on February 7, 2011. (Doc. # 92 at 5.) This report was also used in support of defendant Columbus' motion for summary judgment. (Doc. # 46-1 at 7-10.)

When Plaintiff asked defendant *Patterson* for the investigation report by Russ Herbert, defendant *Patterson* asserted similar objections and then indicated he would be producing a NOTIS report titled "Investigation Detail Report", including the disposition of the investigation, bates labeled as Paterson 845: Resp. to RPD [1] - 0001- 0004, and instructed Plaintiff to kite to review it in the warden's office. (Doc. # 96 at 12-13.) Plaintiff also asked defendant *Patterson* for the investigation Report on the actions of defendant Patterson concerning the incident on April 5, 2010. (*Id*. at 13.) After asserting objections, defendant Patterson indicated he would produce the same report (Paterson 845: Resp. to RPD [1] - 0001- 0004) for Plaintiff to kite to review in the warden's office. (*Id*.) Plaintiff was eventually able to review this report in the warden's office and noted that the report listed the investigator as *Russ Herbert*. (Doc. # 96 at 6.)

Plaintiff argued that he should be able to possess these reports in his cell in order to conduct briefing relative to dispositive motions filed in this case, and not simply kite to review them in the warden's office. (Doc. # 96.)

Before the court held its hearing on the motion to compel, both defendant Patterson and

Plaintiff filed motions for summary judgment. (Docs. # 99 (Pl.'s), # 101 (Def.'s).) Briefing on the motions was almost complete, other than defendant Patterson's reply in support of his motion for summary judgment, at the time the court held the hearing on Plaintiff's motion to compel on March 12, 2014. (*See* Docs. # 99, # 100, # 101, # 105, # 106.)

The court held the hearing on the motion to compel on March 12, 2014. (Minutes at Doc. # 108.) After discussing with the parties what had been produced, the court directed defendant Patterson to produce to Plaintiff the Russ Herbert report. (*Id*. at 1-2.) The court further directed defendant Patterson to produce any further reports relevant to this incident along with a declaration from a records custodian confirming that the records produced to date constitute the complete records from the incident on April 5, 2010. (*Id*. at 2.) To that end, Plaintiff's motion to compel was granted. (*Id*.)

Defendant Patterson did in fact produce additional documents (bates labeled Paterson 945: 0022 - 0081[4]), along with authenticating declarations and a declaration certifying that this production included the entirety of the NDOC Inspector General File for the incident and April 2010 classification documents from Plaintiff's I-file along with an authenticating declarations confirming this is the case. (*See* Docs. # 110, # 110-1, # 110-2, # 110-3, # 110-4; # 111, # 112, # 113.)

The court held a further status conference on this matter on April 2, 2014. (Doc. # 115.) At that time, the court gave Plaintiff leave to file a supplemental brief in opposition to defendant Patterson's motion for summary judgment after he had a chance to review these newly produced documents. (*Id*.) The documents (except those ordered to remain under seal and to be viewed by Plaintiff by kiting the warden's office) were produced to Plaintiff. (Docs. # 116, # 116-1.) Plaintiff apparently declined to review an audio CD of telephone records which were referred to in defendant Patterson's motion for summary judgment briefing, but it was confirmed the CD was made available to Plaintiff. (*Id*.; Doc. # 116-2.)[5]

---

[4] Documents bates labeled 0038-0041 are the Investigation Report of Russ Herbert. Doc. # 0078 was an audio disc which the court was provided to the court as well as for Plaintiff to review through the warden's office. (*See* Doc. # 110 at 3 n. 2, n. 3.)

[5] The complete Inspector General file regarding this incident, which defense counsel represented was not

1   Plaintiff then filed this motion for reconsideration. (Doc. # 120.)

## III. DISCUSSION

Plaintiff seeks reconsideration of the order granting summary judgment to defendant Columbus stating that he is in possession of new evidence after his motion to compel discovery was granted that justifies a reversal of the court's order granting defendant Columbus' motion for summary judgment. (Doc. # 120 at 2, 6.)

In support of his motion, Plaintiff provides defendant Columbus' response to Plaintiff's request for production of documents, where he was told that Columbus was not aware of a report produced by Russ Herbert but was provided with the NOTIS report entitled "Investigation Detail Report" bates labeled PATERSON 845: Resp. to RPD [1] - 004 - 007, that was attributed to investigator *Rod Moore*. (*Id*. at 10.) He then refers to Exhibit B to defendant Columbus' motion for summary judgment (Doc. # 46), which was a declaration from Elizabeth Walsh which he has attached as Exhibit B to his motion for reconsideration. (*See* Doc. # 120 at 2-3, 12-13.) She certified that attached as Exhibit B to defendant Columbus' motion was a true and accurate copy of the NOTIS "Investigation Detail Report" identified as IR-2010-NNCC-000488 from an incident that occurred on April 5, 2010 at NNCC. (*Id*. at 13.)

Next, Plaintiff references Exhibit C-1 to his motion for reconsideration which is an "Investigation Detail Report" listing Russ Herbert as the investigator with an assignment date of June 17, 2010 and report due date of September 23, 2010, and an IR number IR-2010-NNCC-000488. (Doc. # 120 at 3, 15.) This is the document that was produced in response to discovery propounded to defendant Patterson that was the subject of Plaintiff's motion to compel.

Plaintiff claims that in connection with his motion to compel discovery against defendant Patterson he was provided with documentation, including the Russ Herbert investigation report, that should have been produced in response to discovery propounded to defendant Columbus but were not. (Doc. # 120 at 3-4.)

---

produced previously as a result of an oversight, contained a CD of a telephone conversation attributed to Plaintiff that was recorded by NDOC. (*See* Doc. # 109 at 5, n. 2.) In his reply brief in support of his motion for summary judgment, defendant Patterson argues that this recording contains evidence that undermines Plaintiff's claim that defendant Patterson knew of any risk of harm to Plaintiff in opening the cell doors that day. (*Id*.)

1    Plaintiff then refers to the declaration that defendant Columbus provided in support of his
2    motion for summary judgment, which is attached as Exhibit D to Plaintiff's motion for
3    reconsideration. (*See* Doc. # 120 at 4, 18-19.) Plaintiff then raises the point that he also raised in
4    his opposition to defendant Columbus's motion for summary judgment, that defendant Columbus
5    stated that inmate cells have panic buttons which are linked to the control bubble, and that
6    Plaintiff did not engage his button, asking how defendant Columbus would know that because he
7    says he was situated in the staff unit room and not the control bubble when the incident occurred.
8    (*Id*. at 4.) Plaintiff then infers that Columbus was contradicting himself by saying that he could
9    see the panic button (which he did not say) and then saying that he did not hear or see anything
10   that would have alerted him to a disturbance. (*Id*.) This inconsistency is immaterial because
11   Plaintiff admits that he did not engage his panic button. Nor does this inconsistency in any way
12   present evidence that defendant Columbus knew of and disregarded a substantial risk of serious
13   harm to Plaintiff.

14   Plaintiff then points out that in the newly produced evidence, defendant Patterson said in
15   a statement that he "heard yelling" which Plaintiff contends contradicts defendant Columbus'
16   statement in his declaration that he did not hear anything. (Doc. # 120 at 4, referencing Doc.
17   # 120 at 22.) Plaintiff re-asserts the argument that defendant Columbus should have heard the
18   yelling and responded. (*Id.* at 5.)

19   This is not, as Plaintiff suggests, new evidence or even a new argument. The court
20   specifically addressed this argument in connection with defendant Columbus' motion for
21   summary judgment that defendant Columbus should have heard yelling:

> Without more, the fact that Columbus may have heard yelling on the tier does not necessarily mean that he knew Plaintiff, or any other inmate, faced a substantial risk of serious harm. Plaintiff admits that he did not use his emergency call button and that he did not yell out. While he was by no means required to do these things, these facts detract from the viability of Plaintiff's allegations. Under the facts presented, however, there is simply no evidence that Columbus knew of any potential risk of harm to Plaintiff.

(Doc. # 66 at 11.)

It is true that Plaintiff is now in possession of evidence that was not produced to him in response to discovery served on defendant Columbus, and which he obtained by filing a motion to compel against defendant Patterson. However, for the reasons discussed above, Plaintiff has

not met his burden of establishing that this newly discovered evidence changes the outcome of defendant Columbus' motion for summary judgment. In fact, Plaintiff presents no "new" argument as a result of his receipt of this new evidence. Instead, he rehashes the same argument that defendant Columbus should have heard yelling and responded to Plaintiff's cell. The court fully considered and rejected this argument in ruling on defendant Columbus' motion for summary judgment. As such, Plaintiff's motion for reconsideration should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion for reconsideration (Doc. # 120).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: June 12, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE