**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JEFFREY S. PATERSON, | ) | 3:11-cv-00845-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| PATTERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Before the court is the plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) (#153). Defendants have opposed (#154), and plaintiff has replied (#155).

    Plaintiff appealed this court's orders and judgment on August 26, 2014. The matter remains pending before the Court of Appeals. The court lacks jurisdiction to consider a Rule 60(b) motion filed after a notice of appeal is filed and therefore cannot consider the instant Rule 60(b) motion. *Katzir Floor & Home Designs, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004); *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986). In order to properly put his Rule 60(b) motion before this court, the plaintiff

1

must first "ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Court of Appeals], if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). The court construes defendant's motion as a request for the court to advise whether it wishes to consider plaintiff's Rule 60(b) motion. So construed, the court advises the plaintiff it declines to entertain or grant plaintiff's Rule 60(b) motion.

**IT IS SO ORDERED.**

DATED: This 16th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE